IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ROCKFORD MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 3:17-cv-631 |
| L.P. PARTNERS LIMITED PARTNERSHIP, | ) ) ) | |
| Defendant, | ) ) | |
| INDIANA LAND TRUST COMPANY f/k/a LAKE COUNTY TRUST CO., TRUST #4539; NATHAN PHELPS; TABBATHA PHELPS; IBIN MANAGEMENT, LLC; IBIN INDIAN SPRINGS LLC; and FEDERAL NATIONAL MORTGAGE ASSOCIATION a/k/a FANNIE MAE, | ) ) ) ) ) ) ) ) ) | |
| Necessary Party Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**INTRODUCTION**

This action seeks declaratory judgment from the Court regarding the rights and duties of Plaintiff Rockford Mutual Insurance Company ("Rockford") and Defendant L.P. Partners Limited Partnership ("L.P.") under a 2015 policy of insurance issued by Rockford to Necessary Party Defendant Indiana Land Trust Company f/k/a Lake County Trust Co., Trust #4539 (the "Trust"), a trust of which L.P. was sole beneficiary.

Specifically, Rockford seeks judicial determination that it has no duty to defend L.P. under the policy of insurance in a premises liability matter currently pending before the Lake County (IN) Superior Court under Cause No. 45D04-1609-CT-00172 (the "Underlying Matter") and no duty to

indemnify L.P. should a judgment for damages and/or fees, expenses, and costs be entered against L.P in the Underlying Matter. Rockford further seeks the same determination as to the Trust as the named insured under the policy and to any other party claiming an interest therein.

## PARTIES

1. Plaintiff Rockford Mutual Insurance Company ("Rockford") is a mutual insurance company incorporated under Illinois law and with a principal place of business at 527 Colman Center Drive, Rockford, Illinois 61108. Rockford is duly authorized to conduct business and issue policies of insurance in the state of Indiana.

2. Defendant L.P. Partners Limited Partnership ("L.P."), is a limited partnership organized under Indiana law and with a principal place of business at 3010 Maple Avenue, Michigan City, Indiana 46360. L.P. is also a defendant in the Underlying Matter. Upon information and belief, none of L.P.'s individual partners is domiciled within the state of Illinois.

3. Necessary Party Defendant Indiana Land Trust Company f/k/a Lake County Trust Company, Trust #4539 (the "Trust") is a land trust organized and existing under Indiana law with a principal place of business at 192 Shorewood Drive, Valparaiso, Indiana 46385. Upon information and belief, L.P. is the sole beneficiary of the Trust. Indiana Land Trust Company, the trustee of the Trust, maintains a principal place of business at 9800 Connecticut Drive, Suite B2-900, Crown Point, Indiana 46307.

4. Necessary Party Defendant Nathan Phelps is a plaintiff in the Underlying Matter, in which he has identified himself as an adult resident of LaPorte County, Indiana.

5. Necessary Party Defendant Tabbatha Phelps is also a plaintiff in the Underlying Matter, in which she has identified herself as an adult resident of LaPorte County, Indiana, and as the lawfully wedded spouse of Nathan Phelps.

6. Necessary Party Defendant IBIN Management, LLC ("IBIN") is a limited liability company organized under Indiana law and with a principal place of business listed as P.O. Box 668, Crown Point, Indiana 46308. IBIN is a defendant in the Underlying Matter.

7. Necessary Party Defendant IBIN Indian Springs LLC ("Indian Springs") is a limited liability company organized under Indiana law and with a principal place of business listed as 13840 Jennings Lane, Crown Point, Indiana 46308. On September 30, 2015, Indian Springs purchased from the Trust the premises upon which the injuries alleged by Nathan Phelps in the Underlying Matter allegedly occurred.

8. Necessary Party Defendant Fannie Mae is listed as a mortgagee on the Policy and therefore maintains an interest therein. It is not implicated in the Underlying Matter, but Plaintiff includes it in this matter so that it may have an opportunity to answer as to whatever interest it may have. Fannie Mae is a resident of the District of Columbia.

## JURISDICTION AND VENUE

9. Rockford files this declaratory judgment action pursuant to 28 U.S.C. §§2201-02 seeking a determination of its rights and responsibilities under a written policy of insurance issued to the Trust in 2015 and implicated in the Underlying Matter.

10. The Court may properly exercise its subject-matter jurisdiction pursuant to 28 U.S.C. §1332(a) because complete diversity of citizenship between the Plaintiff and all Defendants exists, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Venue is properly set in the Northern District of Indiana under 28 U.S.C. §1391(b)(1) and §1391(b)(2) as all Defendants are residents of the Northern District of Indiana and the events giving rise to this claim for declaratory relief occurred within the District. Because a

majority of the Defendants reside within LaPorte County, Indiana, this matter is properly assigned to the South Bend Division of the Northern District of Indiana.

## GENERAL ALLEGATIONS

### A.    Issuance and Cancellation of the Rockford Insurance Policy

12.     On June 27, 2015, Rockford issued a policy of insurance identified by policy number ROIN000619 (the "Policy").  A true and complete certified copy of the Policy is attached hereto and incorporated herein as **Exhibit A**.

13.     The Policy listed the Trust as the only named insured and generally provided business owner's property and liability insurance coverage for a collection of residential rental units known as Indian Springs Townhomes, located in La Porte, Indiana (the "Premises").

14.     No additional insured is named within the Policy.

15.     Originally, the Policy called for a policy period of one year.

16.     However, Section III of the Policy, titled "Common Policy Conditions," provided that the "Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation."  **Ex. A** at 51.

17.     In addition, "[n]otice of cancellation will state the effective date of cancellation," and "[t]he policy period will end on that date."  *Id*.

18.     Rockford received advance notice from the Trust of the Trust's desire to cancel the Policy effective September 30, 2015.

19.     The date of cancellation requested by the Trust corresponded with the closing date for the sale of the insured Premises from the Trust to a buyer identified on closing documents as Defendant IBIN Indian Springs LLC ("Indian Springs"), which is believed to be a company related

to Defendant IBIN.  A true and accurate copy of the closing document reflecting completion of the Premises sale on September 30, 2015, is attached hereto as **Exhibit B**.

20. On the day prior to closing, September 29, 2015, the Trust and Indian Springs executed an assignment and assumption agreement under which the Trust assigned its right to collect rental amounts due and owning under various leases related to the Premises in exchange for Indian Springs's assumption of all duties and responsibilities imposed upon the lessor in those leases.  A true and accurate copy of the assignment and assumption agreement is attached hereto as **Exhibit C**.

21. Rockford honored the Trust's request to cancel the Policy effective September 30, 2015, and issued a written Notice of Cancellation.  A true and accurate copy of the Notice of Cancellation, reflecting a cancellation effective date of September 30, 2015, is attached hereto as **Exhibit D**.

22. Rockford received no objection or other response to the Notice of Cancellation and received no further payment of any premium amount that would otherwise have been due thereunder.

   **B.**  **After Cancellation of the Policy, a Loss Occurred and a Lawsuit Began**

23. On November 4, 2015, more than a month after the sale of the Premises closed and cancellation of the Policy became effective, Defendant Nathan Phelps, then a tenant at the Premises, allegedly suffered bodily injury as the result of having fallen into a "soft spot" on his kitchen floor.

24. On September 14, 2016, Mr. Phelps and his wife filed a premises liability lawsuit against Defendant IBIN in Lake County (IN) Superior Court under Cause No. 45D04-1609-CT-00172 (the "Underlying Matter").

25.     Two months after initiation of the Underlying Matter, IBIN filed its Answer and Affirmative Defenses in which it named L.P. as an unnamed party potentially bearing full or partial responsibility for the injuries allegedly sustained by Mr. Phelps and his wife.

26.     In response to the affirmative defense naming L.P. as a potential non-party, the Phelpses amended their complaint in the Underlying Matter to add L.P. as a named defendant.  A true and accurate copy of the amended complaint filed in the Underlying Matter is attached hereto as **Exhibit E**.

27.     L.P. accepted service of the amended complaint in the Underlying Matter on or around January 8, 2017.  However, Rockford did not receive notice of the matter until April 24, 2017, when the agent who procured the Policy submitted a claim notice on behalf of L.P.  A true and accurate copy of the claim notice received by Rockford on April 24, 2017, is attached hereto as **Exhibit F**.

### C.     Rockford Denies Coverage under the Cancelled Policy

28.     After carefully reviewing the pleadings filed in the Underlying Matter and the terms of the Policy under which the April 24, 2017 claim had been submitted on L.P.'s behalf, Rockford issued a May 4, 2017 letter denying coverage.

29.     Having received no response from either the Trust, L.P., or the procuring agent to the May 4 denial letter, Rockford forwarded a second notice of denial on June 1, 2017, requesting a formal acceptance of the coverage decision or a response outlining a contrary position.

30.     As yet, Rockford has received neither a formal acceptance of its coverage decision nor a response outlining a contrary position.

31.     Therefore, an actual controversy exists between Rockford and L.P. as to whether Rockford maintains any obligation to defend or indemnify L.P. in the Underlying Matter.

32. The Underlying Matter remains ongoing, and no appearance or responsive pleading has been filed on L.P.'s behalf.

33. Because L.P. has yet to appear in the Underlying Matter, the threat of default judgment looms, rendering the controversy in this matter ripe and in need of expedient resolution.

## CAUSE OF ACTION

### COUNT I—Declaratory Judgment on Basis of Policy Cancellation

34. Rockford incorporates by reference paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. L.P. has submitted a claim under the Policy seeking defense and indemnification from Rockford in the Underlying Matter.

36. L.P. was not an insured under the Policy and is therefore not entitled to any coverage thereunder.

37. Notwithstanding the fact that L.P. is not an insured under the Policy, the Underlying Matter seeks damages related to a bodily injury that allegedly occurred on November 4, 2015.

38. In relevant part, the Policy provided coverage for bodily injury only if the bodily injury occurred during the policy period. *See* **Ex. A** at 35 (Sec. II-A-1-b-(1)-(b).

39. Because the Trust cancelled the Policy effective September 30, 2015, the policy period ended on September 30, 2015. *See Compl.*, ¶¶ 14-15, *supra*.

40. The November 4, 2015 bodily injury giving rise to the Underlying Matter did not occur during the policy period.

41. Therefore, Rockford owes no duty of defense or indemnity to any party under the Policy with respect to the Underlying Matter, regardless of whether such party was an insured under the Policy while the Policy remained in force.

WHEREFORE, Plaintiff Rockford Mutual Insurance Company respectfully requests this Court enter an Order declaring the following:

a. The policy period for Rockford Mutual Insurance Company Policy No. ROIN000619 ended upon its lawful cancellation on September 30, 2015;

b. L.P. Partners Limited Partnership was not an insured under Rockford Mutual Insurance Company Policy No. ROIN000619;

c. Rockford Mutual Insurance Company owes no duty of defense or indemnity under its Policy No. ROIN000619 to L.P. Partners Limited Partnership under any circumstances;

d. Rockford Mutual Insurance Company owes no duty of defense or indemnity to any party under Policy No. ROIN000619 for any property damage or bodily injury that occurred at the Premises after cancellation of the Policy became effective on September 30, 2015, whether or not such party was an insured under the Policy prior to cancellation; and

e. Rockford Mutual Insurance Company owes no duty of defense or indemnity to any party under Policy No. ROIN000619 with respect to the Underlying Matter, Lake County (IN) Superior Court Cause No. 45D04-1609-CT-00172, regardless of whether such party was an insured under the Policy prior to its cancellation, and regardless of whether such party is currently or hereafter named as a defendant in such Cause.

Respectfully submitted,

KOPKA PINKUS DOLIN PC

*/s/ Orfej P. Najdeski*

---

Orfej P. Najdeski, #21757-02
Travis W. Montgomery, #27971-49
550 Congressional Blvd., Suite 310
Carmel, IN 46032
Telephone: (317) 818-1360
Facsimile:  (317) 818-1390
E-mail:  opnajdeski@kopkalaw.com
         twmontgomery@kopkalaw.com
Attorneys for Plaintiff