# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| ROCKFORD MUTUAL INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>L.P. PARTNERS LIMITED PARTNERSHIP, *et al.*, )<br>)<br>Defendants. ) | CAUSE NO. 3:17-CV-631-PPS-MGG |

## OPINION AND ORDER

On August 15, 2017, Plaintiff Rockford Mutual Insurance Company ("Rockford") filed a Complaint for Declaratory Judgment against Defendant L.P. Partners Limited Partnership ("L.P.") and Necessary Party Defendants Indiana Land Trust Company f/k/a Lake County Trust Col, Trust #4539 ("the Trust"); Nathan Phelps; Tabbatha Phelps; IBIN Management, LLC ("IBIN"); IBIN Indian Springs LLC ("Indian Springs"); and Federal National Mortgage Association a/k/a Fannie Mae ("Fannie Mae"), alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). [DE 1]. As the party seeking to invoke federal diversity jurisdiction, Rockford bears the burden of demonstrating that the requirement of complete diversity has been met. *See Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). Here, Rockford's jurisdictional statement is deficient as to L.P. and all the Necessary Party Defendants.

Preliminarily, however, the Court notes that corporations like Rockford "are deemed to be citizens of the state in which they are incorporated *and* of the state in which they have their principal place of business." N. *Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1). Therefore, Rockford has properly alleged its own citizenship in Illinois by reciting that it was both incorporated in and maintains its principal place of business in Illinois.

Yet, Rockford's statement as to the residence of Nathan and Tabbatha Phelps, as husband and wife, in LaPorte County, Indiana is deficient. An individual party's residency is meaningless for purposes of diversity jurisdiction under 28 U.S.C. § 1332. *See Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58–59 (7th Cir. 1996). "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted); *see also Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677–78 (7th Cir. 2006). An individual's citizenship is determined by his domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Residence may be evidence of domicile, but does not establish citizenship. *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). Domicile is "the state in which a person intends to live over the long run." *Id.* Accordingly, Rockford's allegation lacks any indication of the Phelps' future residential intentions and therefore cannot constitute domicile or ultimately, citizenship.

As to IBIN and Indian Springs, Rockford recites their status as limited liability companies organized under Indiana law with separate addresses for principal places of business in Crown Point, Indiana. A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the citizenship of all the members of IBIN's

and Indian Springs's to ensure that none of their members share a common citizenship with Rockford. *See [Hicklin Eng'g, L.C. v. Bartell](), 439 F.3d 346, 347–48 (7th Cir. 2006)*. Moreover, citizenship must be "traced through multiple levels" for those members of IBIN and Indiana Springs who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *[Mut. Assignment & Indem. Co.](), 364 F.3d at 861*. Rockford has not adequately alleged the citizenship of each member of IBIN and Indian Springs to allow the Court to determine whether they preserve or defeat the diversity jurisdiction Rockford seeks to claim.

As to L.P., Rockford alleges that it is "a limited partnership organized under Indiana law and with a principal place of business [in] Michigan City, Indiana . . . ." [DE 1 at 2]. Rockford further states that "[u]pon information and belief, none of L.P.'s individual partners is domiciled within the State of Illinois." [*Id.*]. Rockford's jurisdictional statement as to L.P. presents two problems. First, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *[Yount v. Shashek](), No. Civ. 06-753-GPM, 2006 WL 4017975, at \*10 n.1 (S.D. Ill. Dec. 7, 2006)* (citing *[Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.](), 980 F.2d 1072, 1074 (7th Cir. 1992)*); *see also [Ferolie Corp. v. Advantage Sales & Mktg., LLC](), No. 04 C 5425, 2004 WL 2433114, at \*1 (N.D. Ill. Oct. 28, 2004)*; *[Hayes v. Bass Pro Outdoor World, LLC](), No. 02 C 9106, 2003 WL 187411, at \*2 (N.D. Ill. Jan. 21, 2003)*; *[Multi-M Int'l, Inc. v. Paige Med. Supply Co.](), 142 F.R.D. 150, 152 (N.D. Ill. 1992)*. Therefore, Rockford's attempt to establish lack of common citizenship with L.P. fails.

Second, "a limited partnership has the citizenships of each partner, general and limited." *[Guar. Nat'l Title Co.](), 101 F.3d at 59* ("There is no such thing as a [state name] limited partnership for purposes of the diversity jurisdiction. There are only partners, each of which has

3

one or more citizenships." (internal quotation marks omitted)); *see also Hart v. Terminex Int'l, 336 F.3d 541, 544 (7th Cir. 2003).* Thus, a court "need[s] to know the name and citizenship(s) of its general and limited partners." *Guar. Nat'l Title Co.*, 101 F.3d at 59; *see also Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320–21 (7th Cir. 2002). Moreover, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson*, 312 F.3d at 320 (citations omitted); *see also Ind. Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998). Having failed to identify the citizenship of every partner of L.P., Rockford has not adequately alleged L.P.'s citizenship.

As to the Trust, Rockford alleges that it "is a land trust organized and existing under Indiana law with a principal place of business [in] Valparaiso, Indiana . . . ." [DE 1 at 2]. Rockford also alleges based upon information and belief that L.P. is the sole beneficiary of the Trust and that Indiana Land Trust Company, as trustee of the Trust, "maintains a principal place of business [in] Crown Point, Indiana . . . ." [*Id.*]. The citizenship of a trust for purposes of § 1332(a) diversity jurisdiction is that of its trustee rather than its beneficiaries. *Grede v. Bank of N.Y. Mellon,* 598 F.3d 899, 901 (7th Cir. 2010); *May Dep't Stores Co. v. Fed. Ins. Co.*, 305 F.3d 597, 599 (7th Cir. 2002); *Downey v. State Farm Fire & Cas. Co.,* 266 F.3d 675, 680 (7th Cir. 2001); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990); *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980). Therefore, the identity of and the citizenship of the beneficiary is irrelevant in the determination of the Trust's citizenship. The key here is the citizenship of Indiana Land Trust Company as trustee. Unfortunately, Rockford fails to allege with clarity whether the Indiana Land Trust Company is a corporation, an LLC, or any other type of business entity. Rockford simply alleges that the Indiana Land Trust Company is "organized and existing under Indiana law" and provides an Indiana address for its principal place of business. [DE 1 at

2]. Given the differing citizenship requirements for each type of business entity, the Court cannot conclude with certainty whether the Indiana Land Trust Company preserves the diversity jurisdiction Rockford intends to claim.

Lastly, Rockford alleges that Fannie Mae is a mortgagee on the policy at issue in this case and is a resident of the District of Columbia. As discussed above, allegations of residency alone do not establish citizenship. *See Guar. Nat'l Title Co.*, 101 F.3d at 58–59. Therefore, Rockford has not satisfied its burden to show Fannie Mae's citizenship and any effect it may have on complete diversity.

In light of Rockford's failure to allege the citizenship of L.P. and all the Necessary Party Defendant, the Court now **ORDERS** Rockford to supplement the record on or before **October 25, 2017**, by filing an amended complaint that sets forth the citizenship of each party, tracing the citizenship of all unincorporated associations through all applicable layers of ownership.

**SO ORDERED.**

Dated this 11th day of October, 2017.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
